UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLOBAL LINK, LLC.,

        Plaintiff,

vs.

        Case No. 06-CV-14938

        HON. GEORGE CARAM STEEH

KARAMTECH CO., LTD.,

        Defendant.
_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [DOC. 2]

This case involves a dispute over a sales agent agreement. Plaintiff Global Link, LLC. is an independent sales representative firm in the automotive industry, owned and operated by Mr. Jae Jung, a former Korean citizen who is now an American citizen. Plaintiff is a Michigan limited liability company with its principal place of business in Rochester Hills, Michigan. Defendant Karamtech Co., Ltd., is a manufacturer of automotive interior parts. Defendant is a South Korean corporation with its principal place of business in South Korea.

Plaintiff's cause of action is for breach of contract and declaratory judgment. Defendant brought this motion to dismiss pursuant to the forum-selection clause contained in the parties' 2003 Sales Agent Contract. Specifically, defendant seeks dismissal pursuant to 28 U.S.C. 1406(a) and Fed. R. Civ. P. 12(b)(3) and 12(b)(6) for improper venue. For the reasons stated below, defendant's motion to dismiss is GRANTED.

## RELEVANT CONTRACTUAL PROVISIONS

The Sales Agent Contract ("Contract") was drafted in Korean and executed in 2003. Article 14 of the Contract is a choice of law provision:

> Article 14 Governing Law
>
> The formation, validity and enforcement of this contract shall be governed by Korean law.

(Translation certified by Anna Phillips on behalf of defendant). Article 15 of the Contract is the forum selection clause:

> Article 15 Arbitration
>
> All disputes arising from this contract between the parties shall be subject to the jurisdiction of a court in Korea which has jurisdiction over the headquarter office of Karam Tech.

(Translation certified by Anna Phillips).

## LAW AND ANALYSIS

The issue regarding what law is applicable to analyzing a forum selection clause appears to be one of first impression in the Sixth Circuit. The Sixth Circuit decided a case in which the contract provided that all matters under the contract were to be governed by the law of Germany. General Elec. Co. v. G. Siempelkamp GmbH & Co., 29 F.3d 1095 (6th Cir. 1994). In interpreting the forum selection clause in the same contract, the Sixth Circuit applied state and federal law of the United States without discussing or giving any reason for not applying German law. Id. at 1099. Looking to local law to interpret the forum selection clause was not the holding of the case.

The Tenth Circuit recently addressed the issue, holding that federal courts should apply the law governing a particular contract to interpret a forum selection clause.

Yavuz v. 61 MM, Ltd., 465 F.3d 418, 427-28 (10th Cir. 2006). The Tenth Circuit specifically noted that, as a forum selection clause is an integral part of a contract, there is "no particular reason, at least in the international context, why a forum-selection clause, among the multitude of provisions in a contract, should be singled out as a provision not to be interpreted in accordance with the law chosen by the contracting parties." Id. at 428.

This court first notes that it is logical to interpret a provision of an agreement under the law that the parties agreed would govern issues arising out of the agreement. The parties in this case agreed that issues relating to the "formation, validity and enforcement" of the Contract would be governed by Korean law. While there was argument that interpretation of the forum selection clause is not formation, validity or enforcement, there can be no enforcement of a contract without interpreting the contract. The court finds that Korean law applies to the forum selection clause in this case.

Defendant submits the declaration of Won Hyun Choi, a lawyer in South Korea, who was also educated and practiced law in the United States. Mr. Choi explains that "under Korean law, if parties residing in different jurisdictions select a court under which all disputes are to be resolved, that court should be deemed to have exclusive jurisdiction over all disputes arising from the parties' relationship. (Won Hyun Choi Declaration, ¶ 7). Defendant has not submitted any underlying case law upon which Mr. Choi relied in forming his opinion. While the court does not give Mr. Choi's declaration great weight, plaintiff has not submitted anything to contradict the declaration, nor is the declaration contrary to the plain meaning of Article 15 as translated. The court therefore

finds that the forum selection clause contained in the Contract, interpreted under Korean law, provides that Korea is the exclusive forum for the parties' dispute.

Even if this court was required to analyze defendant's motion under 28 U.S.C. § 1404(a), it finds that it would not be unjust to dismiss the case in favor of requiring plaintiff to bring it in Korea. The Sixth Circuit addressed a forum selection clause where the agreed-upon forum was outside the jurisdiction of any United States district court in Shell v. R.W. Sturge, Ltd., 55 F.3d 1227 (6th Cir. 1995). The plaintiff in Shell filed in state court and defendant removed to federal court. Defendant then filed a motion to dismiss under Rule 12(b)(3), pointing to the forum selection clause requiring that the courts of England would have exclusive jurisdiction over any and all controversies arising out of that agreement. The district court granted the motion to dismiss and the Sixth Circuit affirmed.

The Sixth Circuit in Shell held that a forum selection clause would not be enforced if it would be unreasonable or unjust to do so. Id. at 1229. Plaintiff argues that it would be unreasonable and unjust to require the parties to litigate this dispute in a Korean court. Plaintiffs are located in Michigan. Defendant conducts extensive business in Michigan, maintains an office in Troy, Michigan, and contracted with plaintiff to perform sales representative services in Michigan. All of the non-party witnesses are located in or near Michigan, including buyers and engineers who may be called to testify that plaintiff was responsible for procuring the business at issue. All of the witnesses speak English and not Korean. While these circumstances provide some support for plaintiff's argument, it is also true that the challenges facing a U.S. Court in discerning and applying Korean law to a contract written in the Korean language create greater

4

opportunity for mistakes in the outcome than litigating the issues in the forum selected by the parties.

Thus, the court does not find it unreasonable or unjust to enforce the forum selection clause agreed to in this case. The parties are both sophisticated businesses, who contracted in the Korean language. While it will be more expensive and cumbersome for plaintiff to try this case in Korea, the $2.5 million sought by plaintiff justifies the challenges of trying this breach of contract case where the parties agreed.

## CONCLUSION

Defendant's motion to dismiss is GRANTED for the reasons stated in this opinion and order.

Dated: May 8, 2007

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on May 8, 2007, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk

---